# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WENDELL E. FABIAN<br>250 Mamaroneck Ave. # 363<br>White Plains, NY 10605 | : : : : | |
| Plaintiffs, | : : | Civil Action No. |
| v.<br>WAL-MART STORES, INC.<br>702 SW 8th Street<br>Bentonville, AR 72716-8611 | : : : : : | JURY TRIAL DEMANDED |
| Defendants. | : : | |

## COMPLAINT

COMES NOW Wendell E. Fabian, the above named Plaintiff, by Lee Boothby, his attorney, and for Complaint shows as follows:

### A. JURISDICTION

1. The jurisdiction of this court is invoked pursuant to Title 28 U.S.C. § 1331, this being a civil action arising under the laws of the United States and being an actual controversy between the parties.

2. The jurisdiction of this court is invoked pursuant to 42 U.S.C. 2000e, *et seq*. to secure relief from discrimination on the basis of race.

3. The jurisdiction of this court is further invoked under Title 28 U.S.C. § 1343(1)(4) insofar as this is an action, in part, to recover damages and to secure equitable or other relief to redress for injury resulting from the deprivation of a right or privilege of a citizen of the United States and to obtain relief under an act of Congress for the protection of civil rights.

4. The Jurisdiction of this court is further invoked under 28 U.S.C. § 1332 for diversity of citizenship.

## B. VENUE

5. Defendant, Wal-Mart Stores, Inc., is a foreign corporation doing business in the State of Maryland and Plaintiff was employed in its Germantown, Maryland Store, located at 20910 Frederick Road, Germantown, MD 20878. Venue is therefore in this judicial district under 28 U.S.C. § 1391(b).

## C. PARTIES

6. Plaintiff, Wendell E. Fabian, is an African-American and was born on December 7, 1960.

7. Defendant Wal-Mart Stores, Inc., is a foreign corporation and is an employer within the meaning of 42 U.S.C. § 2000e-3 and 2000e-16

## D. STATEMENTS OF FACTS

8. Plaintiff's was employed as an Asset Protection Coordinator on November 3, 2006 by Defendant.

9. Beginning in February of 2009, the Market Asset Protection Manager, Steven Hamilton, a Caucasian, began pressuring Plaintiff to make apprehensions at Plaintiff's assigned store in Germantown, Maryland. Plaintiff was the only African-American Asset Protection Coordinator in the market.

10. The Market Asset Protection Manager constantly compared the Germantown store to the Frederick, Maryland Store which had a Caucasian Asset Protection Coordinator, and would call Plaintiff derogatory and insulting names.

11. In April or May of 2009, Plaintiff pointed out to the Market Assist Protection Manager that there were serious violations of company policy occurring in the Frederick Wal-Mart store.

12. On May 11, 2009, Plaintiff was verbally counseled by the Market Assist Protection Manager for an incident that occurred on May 10, 2009, but for while Plaintiff was not on duty.

13. On June of 2009, Plaintiff was written-up and counseled for an incident he did not commit or was even present when it occurred.  Because of this, Plaintiff called the Market Human Resources Manager, Jason Miller, a Caucasian.  Plaintiff registered an objection to Miller as to the unfounded adverse action and indicated that he was being treated differently and less favorably then other Asset Protection Coordinators. Nothing, however, was done to correct this which prohibited Plaintiff from applying for a better employment opportunity.

14. On June 18, 2009, the Market Asset Protection Manager again called Plaintiff insulting names.

15. Between June 25, 2009 through July, 2009, a Caucasian Asset Protection Associate, who worked directly under Plaintiff's supervision, committed a terminating offenses and when brought to the Market Asset Protection Manager for termination was excused from any adverse action.

16. On July 31, 2009, Plaintiff was wrongfully accused of filing fraudulent cases.  In fact, the Caucasian Asset Protection Coordinator at the Frederick Wal-Mart had submitted fraudulent cases over a three month period without any adverse consequences.  Plaintiff was wrongfully terminated by Wal-Mart, however, the Frederick Stores Caucasian Asset Protection Coordination remained employed at Wal-Mart and was subsequently assigned to the Wal-Mart Store Plaintiff had been assigned to.

17. Plaintiff was terminated as an employee of Wal-Mart on July 31, 2009 by Steven Hamilton, the Market Asset Protection Manager.

18. Plaintiff and other non-Caucasian employees at Wal-Mart have been treated less favorably then the Caucasian employees.

19. Plaintiff filed a timely charge of discrimination on the bases of race and retaliation on November 30, 2009 with the United States Equal Employment Opportunity Commission (EEOC).

20. On August 26, 2011, the EEOC issued a Right to Sue, a copy of which is attached hereto as "Exhibit A." The Right to Sue was received by Plaintiff less than 90 days from the date of this filing.

### E.  CAUSES OF ACTION

**First Cause of Action**
**(Race Discrimination)**

21. Plaintiff reassert and reallege each and every allegation set forth above in Paragraphs 1-20.

22. Plaintiff claims the actions described above were discriminatory and in violation of the Civil Rights Act of 1964 ("Title VII") as amended, 29 U.S.C. § 2000e *et seq.*

23. As a result of the discriminatory conduct and actions by Defendant, Plaintiff has suffered loss of pay and loss of other economic benefits. He has also suffered other compensatory damages and extreme mental anguish as a result of Defendant's discriminatory conduct.

24. Any non-discriminatory explanation for Defendant's actions is purely pretextual and without factual basis.

25. Defendant's discriminatory conduct was intentional therefore, punitive damages should be awarded to Plaintiffs.

## Second Cause of Action
### (Retaliation)

26. Plaintiff reasserts and realleges each and every allegation set forth above in paragraphs 1 – 20 above.

27. The Plaintiff claims the action described above were discriminatory and in violation of 42 U.S.C. 2000e-3(a).

28. As a result of the retaliatory conduct and actions by Defendant, Plaintiff has suffered loss of pay and loss of other economic benefits.  He has also suffered other compensatory damages and extreme mental anguish as a result of Defendant's discriminatory conduct.

29. Any non-discriminatory explanation for Defendant's actions is purely pretextual and without factual basis.

30. Defendant's discriminatory conduct was intentional therefore, punitive damages should be awarded to Plaintiffs.

### F.  PRAYERS FOR RELIEF

WHEREFORE Plaintiff respectfully prays for judgment against Defendant and requests:

1. Reinstatement of employment, compensatory damages, back pay, and/or the rate of pay provided to similarly situated Caucasian employees performing the same work, (with prejudgment interest), front pay and other economic benefits to which the Plaintiff would have been entitled had he not been  discriminated against; and

2. The expunging of negative material in Plaintiff's personnel file and records; and

3.  Punitive damages; and

4. Such other and further relief, including, additional legal and equitable relief that the court deems appropriate.

Respectfully submitted,

Dated: November 28, 2011

*[signature]*
LEE BOOTHBY, Bar No. 26681
1050 17th Street, N. W. Suite 1000
Washington, DC 20036
(202) 776 0642
Counsel for Plaintiffs